[Cite as *Crable v. Alford*, 2026-Ohio-2819.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CHARLES R. CRABLE, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 115643 |
| v. | : | |
| CITY OF CLEVELAND OFFICER ALFORD #510, ET AL., | : | |
| Defendants-Appellees. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 23, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-112818

***Appearances:***

Charles R. Crable, *pro se.*

Mark D. Griffin, City of Cleveland Director of Law, Willliam Menzalora, Chief Assistant Director of Law, and Carli R. Young and Affan Ali, Assistant Directors of Law, *for appellee.*

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Pro se plaintiff-appellant Charles Crable appeals the trial court's decision to grant judgment on the pleadings in favor of defendants-appellees the

City of Cleveland and Cleveland police officers Robert Alford and Isaiah Parker ("Officer Alford" and "Officer Parker"). For the reasons that follow, we affirm.

{¶ 2} This case stems from an incident at appellant's rental property. On October 25, 2022, Officers Alford and Parker responded to a call from appellant's tenants. Upon arrival, the officers spoke with appellant, who was 81-years old at the time, and the two tenants — one male and one female. Appellant told Officer Alford that the male tenant "took two steps at me and I pulled my pistol out"; then, after the tenant stopped, appellant "put the pistol back." In contrast, the male tenant reported that appellant pulled a gun on him and walked towards him, pointing a gun. The female tenant recorded the incident on her cell phone, which verified the male tenant's story.

{¶ 3} Appellant was subsequently arrested and charged with misdemeanor aggravated menacing. The charges against appellant were eventually dismissed. *See Cleveland v. Crable*, Cleveland M.C. No. 2022-CRB-009138.

{¶ 4} On May 15, 2023, appellant filed a complaint in federal district court asserting eight causes of action, including four state claims — malicious prosecution, false arrest, negligence, and police brutality. *See Crable v. Cleveland*, 2024 U.S. Dist. LEXIS 27008, *2 (N.D.Ohio, Feb. 16, 2024). The district court dismissed appellant's four federal causes of action with prejudice and dismissed his state causes of action without prejudice. *Id*. at *23.

{¶ 5} On February 27, 2025, appellant filed the within complaint against appellees alleging: Count 1: malicious prosecution; Count 2: false arrest; Count 3:

tampering with evidence; Count 4: interfering with civil rights; Count 5: witness tampering; Count 6: reckless, wanton, or willful conduct; and Count 7: police brutality.

{¶ 6} Appellees answered the complaint and filed a motion for judgment on the pleadings. On August 15, 2025, appellant filed a brief in opposition in which he argued that his claim for malicious prosecution had merit. In his brief, he conceded that he could not succeed on Counts 2 through 7 and "will have to file a first amended complaint in this instant matter." Appellant never filed an amended complaint. On September 29, 2025, the trial court granted appellees' motion for judgment on the pleadings, stating: "Defendants' motion for judgment on the pleadings is granted. Plaintiff's complaint is dismissed with prejudice at plaintiff's costs."

{¶ 7} In the same journal entry, the trial court granted appellees' motion to quash the subpoena of the city's law director; appellant had previously filed a subpoena to depose the law director.

{¶ 8} This appeal followed. Some assignments of error will be combined for ease of discussion.

**Assignments of Error**

> I. The trial court erred in granting defendants' motion to dismiss and dismissing plaintiff's case pursuant to Ohio Rule Civ. R. 12(b)(6), for failure to state a claim for relief, when plaintiff had stated a claim to relief for violations of his civil rights.

> II. The trial court erred in granting defendants' motion to barr [sic] plaintiff's complaint by the two-year statute of limitations when according to evidence the complaint was dispositive on February 12,

2025[,] and the date [December] 19, 2024[,] presented by Defendants was purposeful plain error.

III. The trial court erred in granting defendants' motion to grant dismissal of claim of malicious prosecution against Officers Alford and Parker as a matter of law.

IV. The trial court erred in determining counts two through seven of plaintiff's complaint are criminal actions and no private right in civil action exists under the Ohio Revised Code.

V. The trial court abused its discretion in granting defendants' motion to quash plaintiff's subpoena for Mark Griffin.

VI. The trial court abused its discretion in denying plaintiff opportunity to amend counts two through seven in his complaint to include the statute ORC 2307.60 with the criminal charges presented.

**Law and Analysis**

{¶ 9} In the first assignment of error, appellant claims that the trial court erred in granting appellees' motion to dismiss pursuant to Civ.R. 12(B)(6). A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Appellant has confused a Civ.R. 12(B)(6) motion to dismiss with a Civ.R. 12(C) motion for judgment on the pleadings; appellees' motion was pursuant to Civ.R. 12(C).

{¶ 10} "A Civ.R. 12(C) motion for judgment on the pleadings presents questions of law, the determination of which is restricted solely to the allegations in the pleadings and any writings attached to the pleadings." *Crenshaw v. Jones*, 2022-Ohio-3913, ¶ 6 (8th Dist.), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161 (1973). A motion for judgment on the pleadings may be granted when the trial court,

after construing the pleadings most favorably to the nonmoving party, finds beyond doubt that the nonmoving party could prove no set of facts in support of a claim for relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist. 1992). Appellate review of motions for judgment on the pleadings is de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

{¶ 11} In his first assignment of error, appellant sets forth his version of the facts of the case. Although appellant makes numerous citations to the record, he fails to support his arguments with citation to legal authority.

{¶ 12} App.R. 16(A)(7) provides:

The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

. . .

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.

{¶ 13} Although appellant is proceeding pro se, pro se litigants are bound by the same rules and procedures as litigants who retain counsel. *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210 (1st Dist. 1981). Appellate courts do not have any duty "to root out" an argument in support of an assignment of error, *State v. Carman*, 2008-Ohio-4368, ¶ 31 (8th Dist.), and have the discretion to disregard any assignment of error that fails to include citations to the authorities in support. *Robinette v. Bryant*, 2015-Ohio-119, ¶ 33 (4th Dist.).

{¶ 14} Appellant, however, did discuss the standard for a Civ.R. 12(C) motion for judgment on the pleadings in a separate section of his brief, prior to presenting his assignments of errors. We use our discretion to address his first assignment of error and do so in conjunction with the third and fourth assignments of error.

{¶ 15} In the third assignment of error, appellant claims that the trial court erred in granting judgment on the pleadings as to Count 1 — malicious prosecution. In the fourth assignment of error, appellant claims that the trial court erred in granting judgment on the pleadings as to the remaining counts — Count 2 through 7. Although each individual claim fails on its own, appellant's claims also fail as a matter of law because he does not set forth a cognizable claim under the Ohio Constitution and because his claims are barred by the statute of limitations.

**Ohio Const., art. I, § 10(a)**

{¶ 16} Appellant's complaint "seeks compensatory and punitive damages under the Ohio Constitution Article 1, 10(a) against the Defendants." Complaint, ¶ 2. Ohio Const., art. I, § 10(a) provides rights to the victims of crime. It explicitly excludes "any cause of action for damages or compensation against the state, any political subdivision of the state, any officer, employee, or agent of the state or of any political subdivision, or any officer of the court." *Id.*

{¶ 17} Unlike the federal system, where 42 U.S.C. 1983 creates a private cause of action to remedy violations of the United States Constitution, there is no similar statute for violations of the Ohio Constitution. In *PDU, Inc. v. Cleveland,*

2003-Ohio-3671 (8th Dist.), the owners of a nightclub shut down by the city sued, alleging violations of their rights to equal protection, free speech, and due process under the Ohio Constitution. A jury awarded the nightclub $345,000 in damages. *Id.* at ¶ 14. This court reversed, holding that

> because Sections 2, 11, and 16 of Article I of the Ohio Constitution are not self-executing provisions, they do not create independent causes of action. Moreover, unlike the federal system where 42 U.S.C. § 1983 creates a private cause of action to remedy violations of the United States Constitution, there exists no statute in Ohio analogous to Section 1983.

*Id.* at ¶ 27.

{¶ 18} Likewise, appellant's request for relief under the Ohio Constitution fails.

**Statute of Limitations**

{¶ 19} In his second assignment of error, appellant claims that the trial court erred in finding that the statute of limitations barred his claims.

{¶ 20} Civ.R. 12(C) relief may be appropriate if a statute-of-limitations defense is pled and the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired. *Covarrubias v. Lowe's Home Improvement, L.L.C.*, 2021-Ohio-1658, ¶ 14 (8th Dist.); *see also Gides v. Marcus & Millichap*, 2015-Ohio-4383, ¶ 10 (8th Dist.) ("When a party raises a statute of limitations defense in its answer, the defense is available as grounds for a motion to dismiss brought pursuant to Civ.R. 12(C)."). Accordingly, if "'the pleadings unequivocally demonstrate that the action was commenced after the limitations

period expired, Civ.R. 12(C) relief is appropriate.'" *Smith v. Cavitch Familo & Durkin Co. LPA*, 2026-Ohio-1047, ¶ 13 (8th Dist.); quoting *Bd. of Edn. of Greenview Local School Dist. v. Staffco Constr., Inc.*, 2016-Ohio-7321, ¶ 12 (2d Dist.). Appellees raised the statute-of-limitations defense in their answer.

{¶ 21} On May 15, 2023, appellant filed a complaint against the city and Officers Alford and Parker in federal district court, setting forth eight claims, including four state law claims. *See Crable*, 2024 U.S. Dist. LEXIS 57095 (N.D.Ohio Feb. 16, 2024). On February 16, 2024, the district court dismissed the four federal claims on the merits with prejudice and declined to exercise supplemental jurisdiction over the state law claims, dismissing them without prejudice. A dismissal without prejudice constitutes a termination "otherwise than on the merits," for saving statute purposes. *McCullough v. Bennett*, 2024-Ohio-2783, ¶ 14.

{¶ 22} On February 27, 2025, appellant filed his complaint in the instant case. The complaint included the same parties and claims that were dismissed in the federal case (malicious prosecution, false arrest, and police brutality; Counts 1, 2, and 7, respectively). Because these state law claims were dismissed without prejudice in the federal case, they were subject to the Ohio's saving statute. *See Grant v. ARA Servs., Inc.*, 626 F. Supp. 66, 71 (S.D.Ohio 1985) (plaintiff's claim of slander, which was dismissed in federal court for reasons otherwise than upon the merits, can be brought within one year after dismissal in state court under Ohio's saving statute).

{¶ 23} Ohio's saving statute, R.C. 2305.19(A), provides that

[i]n any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶ 24} "To comply with R.C. 2305.19, the claim must be filed within one year — or by the anniversary — of the date that it was dismissed." *Sauter v. Integrity Cycles, LLC*, 2026-Ohio-88, ¶ 1. Appellant filed his complaint in state court on February 27, 2025, more than one year after the same claims were dismissed otherwise than on the merits in federal court. Consequently, Ohio's saving statute does not apply.

{¶ 25} R.C. 2744.04 provides that a two-year statute of limitations applies to civil actions against a political subdivision if there is no applicable shorter period of time provided by the Revised Code (e.g., for some intentional torts). Regarding appellant's false arrest and police brutality claims (Counts 2 and 7), the two-year statute of limitations began to run when appellant was arrested on October 25, 2022. Appellant's malicious prosecution claim (Count 1) was not available until his municipal criminal case was dismissed, which occurred on May 10, 2023. *See Crable*, Cleveland M.C. No. 2022-CRB-009138. Moreover, R.C. 2305.11 provides a one-year statute of limitations for malicious-prosecution claims.

{¶ 26} Moreover, with respect to appellant's remaining claims for tampering with evidence, interfering with civil rights, witness tampering, and reckless, wanton, or willful conduct (Count 3 through 6), these are new claims that were first set forth

in appellant's complaint, which was filed on February 27, 2025, more than two years after October 25, 2022, the date of the incident.

{¶ 27} The first through fourth assignments of error are overruled.

**Motion to Quash**

{¶ 28} In the fifth assignment of error, appellant claims that the trial court erred in granting appellees' motion to quash the subpoena of the city's law director.

{¶ 29} As mentioned, during the pendency of the case, appellant sought to depose the city's law director. Appellees responded with a motion to quash the subpoena. In its September 29, 2025 journal entry granting appellee's motion for judgment on the pleadings, the trial court also granted appellees' motion to quash.

{¶ 30} The city's law director's deposition was set for September 30, 2025. The trial court granted appellees' motion for judgment on the pleadings and dismissed the case on September 29, 2025. Therefore, because the case was dismissed prior to the deposition, the issue of the subpoena was rendered moot, and the court did not err in granting appellees' motion.

{¶ 31} The fifth assignment of error is overruled.

{¶ 32} In the sixth assignment of error, appellant claims that the trial court erred when it did not allow him to amend his complaint to address Counts 2 through 7.

{¶ 33} In appellant's brief in opposition to the city's motion for judgment on the pleadings, appellant conceded that Counts 2 through 7 did not have merit as set forth in his complaint. He stated that he would file an amended complaint to

address these claims.  He did not.  A court cannot err in not deciding a motion that was never filed.

{¶ 34} The sixth assignment of error is overruled.

{¶ 35} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR